**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HARVEY MORSE, individually and on behalf of others similarly situated,**

**Plaintiffs,**

-vs-                                                                Case No. 6:10-cv-655-Orl-31DAB

**KATZ DELICATESSEN OF HOUSTON STREET, INC., a New York corporation,**

**Defendant.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, Katz Delicatessen of Houston Street, Inc. ("Defendant" or "Katz Deli"), Motion to Dismiss (the "Motion") (Doc. 12), and Plaintiff's, Harvey Morse ("Plaintiff"), response in opposition thereto (the "Response") (Doc. 13).

**I. Overview**

On April 28, 2010, Plaintiff brought a putative nationwide class action after he ordered, *inter alia*, some knishes,[1] pastrami and rye from Katz Deli in New York City. Defendant completed the order, but in doing so, allegedly violated the Fair and Accurate Credit Transaction Act[2] by mailing Plaintiff a receipt that contained his full American Express credit card number and

---

[1] A knish is a potato dumpling covered with a dough shell prepared either baked or fried. *See, e.g.*, Jewish Recipes, What is Knish?, http://www.jewishrecipes.org/jewish-foods/knish.html.

[2] *See* 15 U.S.C §1681c(g) [hereinafter "FACTA"].

expiration date. (Doc. 1). Plaintiff was not the victim of identify theft and has not suffered any actual damage; he simply asserts that he and potentially thousands of others who placed orders with Katz Deli since December 2006 are entitled to statutory damages.[3]

Defendant now moves to dismiss the Complaint for failure to state a claim.

This Court has jurisdiction pursuant to 28 U.S.C § 1331.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every

---

[3]Plaintiff alleges that he and others similarly situated were "exposed to an increased risk of identity theft by means of Defendant's acts or omissions." Plaintiff therefore seeks only statutory damages pursuant to 15 U.S.C. § 1681n(a).

element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Analysis**

According to the Complaint, after Plaintiff placed his online order Defendant sent the food to Plaintiff's home in Florida via Federal Express. Included in the package was an itemized receipt of Plaintiff's order and billing information, including Plaintiff's complete American Express credit card number and expiration date.[4] (Doc. 1-1).

In pertinent part, Congress has provided:

Truncation of credit card and debit card numbers.

(1) In general

Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

(2) Limitation

This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit

---

[4] According to Plaintiff, the order was a birthday gift to a business associate which, by Defendant's mistake, was mailed to Plaintiff's home rather than his to associate. (Doc. 13 at 4).

> card account number is by handwriting or by an imprint or copy of the card. . . .

15 U.S.C. § 1681c(g).

Upon review, Plaintiff's Complaint states a claim for a violation of 15 U.S.C. § 1681c(g)(1). Contrary to the arguments raised in Defendant's Motion, the receipt at issue was allegedly more than a mere email confirmation that Plaintiff simply printed. Defendant printed the receipt and mailed same directly to Plaintiff along with his order. While courts have held that online receipts automatically displayed on a computer screen or sent via email are not subject to FACTA's truncation requirements, *see, e.g., Smith v. Zazzle.com, Inc.*, 589 F. Supp. 2d 1345 (S.D. Fla. 2008), the receipt here was printed by the merchant and mailed to the customer.

Furthermore, the Court interprets FACTA's "point of sale or transaction" requirement as referring to a time or an event, as opposed to a specific location. To distinguish between printed receipts provided in person and those provided elsewhere, as Defendant urges, would ignore the statute's clear text (which clearly contemplates a "transaction" – not just the "point of sale") and the statute's purpose of decreasing the potential for identity theft by eliminating the inclusion of sensitive credit card information. *See*, *e.g.*, *Ehrheart v. Bose Corp.*, Case No. 07-cv-350, 2008 WL 64491, at *5 (W.D. Pa.) (citation omitted) (holding that a printed credit card receipt for an order placed by phone and received via mail satisfied FACTA's "point of sale requirement").

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion to Dismiss (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 22, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**